Filed 11/4/24  In re K.F. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re K.F., a Person Coming Under the Juvenile Court Law. | C099972 |
| THE PEOPLE, | (Super. Ct. No. 52009448) |
| Plaintiff and Respondent, | |
| v. | |
| K.F., | |
| Defendant and Appellant. | |

The juvenile court found K.F. committed arson following a contested jurisdictional hearing.  Thereafter, the juvenile court held a contested restitution hearing at which K.F. was present and represented by his appointed counsel.  At the conclusion of the restitution hearing, the juvenile court took the matter under submission and set a hearing three days later to issue its final ruling.  K.F. failed to appear at the hearing at which the court announced its ruling and entered a restitution order in K.F.'s absence.

1

On appeal, K.F. argues the juvenile court erred in ordering restitution without him present. We affirm.

BACKGROUND

The People filed a juvenile wardship petition alleging K.F. committed arson. (Pen. Code, § 451, subd. (d).)[1] After a contested jurisdictional hearing, the juvenile court found the relevant facts as follows:

"[A]t some time during the late evening of June 27, 2020, a fire of unknown origin ignited within the confines of a large automobile parts salvage yard . . . . [A]n investigator employed by the California Department of Forestry and Fire Protection . . . ruled the blaze's cause to be of a suspicious nature. According to the owner's estimate, the fire resulted in total losses totaling approximately $125,000.00.

"Approximately one year later, on May 7, 2021, . . . [K.F.] admitted that he had set fire to the . . . salvage yard on June 27, 2020, at the urging and behest of [another person] . . . ."

The juvenile court found the allegation of arson in the petition to be true. A contested restitution hearing was held on September 26, 2023. K.F. was present at the restitution hearing with counsel, during which the juvenile court received testimony and evidence concerning the losses suffered by the victim due to the fire. As part of the evidentiary basis for the contested restitution amount, the juvenile court received a transcript of a video where the victim had previously walked through the yard with K.F. pointing out the damaged and destroyed items. The victim also testified at the hearing as to the items destroyed. The juvenile court allowed K.F.'s attorney to cross-examine the victim.

---

[1] Undesignated statutory references are to the Penal Code.

K.F.'s counsel argued the evidence that arguably supported the approximately $172,000 in restitution requested by the victim was vague, arbitrary, and unspecific, because, in part, the victim's records were not well organized. Counsel argued the juvenile court should order no amount of restitution based on this lack of specific evidence. The juvenile court thus took the matter under submission to sort out the substantial amount of evidence presented and examine the cases cited by the parties. It set a continued hearing date three days later, which was the day before K.F.'s 21st birthday, when the court would lose jurisdiction over the case.

The day before the continued hearing, the juvenile court issued a written ruling detailing its findings as to restitution, ordering $114,276.50, and serving it on the parties. At the time of the continued hearing, counsel for both parties confirmed they had received the juvenile court's written ruling and waived a full reading. K.F. was not present and his counsel represented she received a call from K.F. that morning stating his car was in the shop and he did not have transportation. Counsel for K.F. had no objection to the juvenile court signing the restitution order. K.F.'s counsel argued that the court should "just let the restitution order stand" and not impose probation. The juvenile court signed the restitution order and declined to order probation. K.F. filed a timely notice of appeal in December 2023. His opening brief was filed in June 2024, and this case became fully briefed on September 10, 2024.

## DISCUSSION

K.F. argues the juvenile court erred in holding the final disposition hearing and ordering restitution in his absence. We agree. The People argue this error was harmless. We agree with that argument as well.

3

The California Constitution requires courts to order restitution to victims for losses suffered as a result of criminal activity. (Cal. Const., art. I, § 28, subd. (b)(13)(A).) Section 1202.4 provides the statutory mechanism for awarding restitution in adult criminal cases. Welfare and Institutions Code section 730.6 provides " 'parallel restitutionary requirements for juvenile offenders.' " (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 305.)

"A criminal defendant has a 'constitutional and statutory right to be present at [a] sentence modification hearing and imposition of sentence.' [Citations.] We have acknowledged restitution as 'a significant aspect of a criminal sentence.' [Citations.] And we have confirmed defendant's right to be present when the trial court imposes restitution." (*People v. Nieves* (2021) 11 Cal.5th 404, 508.) A "defendant may waive [their] constitutional right to be present for sentencing 'as long as [their] waiver is voluntary, knowing and intelligent.' " (*Ibid.*) Where there is no indication that a defendant made any valid waiver of their right to be present, counsel's failure to object does not forfeit the claim. (*Ibid.*)

Here, the juvenile court's final action related to imposing restitution was to pronounce it on the record. K.F. had the right to be at that hearing. K.F. did not voluntarily, knowingly, or intelligently waive his right to appear, and his counsel's failure to object did not forfeit this claim. The holding of the hearing and issuing the restitution order without K.F. present was error.

Despite this error, *Nieves* instructs that we must assess whether K.F. was prejudiced by that error. (*People v. Nieves, supra*, 11 Cal.5th at pp. 508-509.) In *Nieves*, defense counsel was present at both restitution hearings, raised objections, and disputed the payment of victim restitution. (*Id.* at p. 508.) Our Supreme Court concluded: "There is nothing in the record to indicate that defendant would have added any significant information about her inability to pay beyond that presented by defense counsel. Defense counsel received notice of the proposed victim restitution almost two months prior to the

4

hearing and thus 'had ample opportunity to discuss the contents with defendant and to seek [her] assistance . . . . Assuming [counsel] did so, defendant's presence at the hearing would have added little to [her] attorney['s] ability to argue' the propriety of the victim restitution payments." (*Id.* at p. 509.) On that record, the court concluded the defendant's absence from the restitution proceedings was harmless beyond a reasonable doubt. (*Ibid.*)

Here, we conclude K.F.'s absence on the date the juvenile court pronounced the amount of the restitution order was harmless beyond a reasonable doubt. K.F. was present in the video submitted to the juvenile court where the damaged and destroyed items were identified, shown, and described. K.F. was present in court and represented by counsel during the proceedings at which the juvenile court received evidence of these losses. K.F. was present when his attorney cross-examined the victim. K.F. was present when his counsel argued to the juvenile court it should not give the victim any restitution based on the inadequate presentation of the evidence at the restitution hearing. Finally, the juvenile court issued its tentative ruling in writing the day before the hearing and served it on K.F.'s counsel and the People.

K.F. argues he was prejudiced because he was not allowed to personally object to the final order. Given K.F.'s presence and participation throughout these proceedings, we conclude K.F.'s presence at this final hearing, while required by law, would have added nothing to the proceedings. K.F. had nothing to contribute to his counsel's ability to contest the final articulation of the restitution award and could provide no additional

information to the juvenile court at the final hearing.  Thus, we conclude the juvenile court's error in this regard was harmless beyond a reasonable doubt.

DISPOSITION

The juvenile court's restitution order is affirmed.


/s/
BOULWARE EURIE, J.

We concur:


/s/
EARL, P. J.


/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.